# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIANA PRICE,**

                    **Plaintiff,**

**-vs-**                                                                     **Case No. 6:05-cv-1064-Orl-31KRS**

**CITY OF ORMOND BEACH, FLORIDA &**
**LARRY MATHIESON,**

                    **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION REQUESTING COURT ORDER TO PRODUCE MEDICAL RECORDS (Doc. No. 42-1)
>
> **FILED:** September 11, 2006
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.

Defendants seek an order requiring Plaintiff Diana Price to produce medical records described in request number 12 of Defendant City of Ormond Beach's First Request for Production of Documents. The Case Management and Scheduling Order in this case provides that responses to motions are due eleven days after filing, plus three days for mailing. Doc. No. 20 at 5 n.2. The time for responding to the motion has passed, and no response had been filed as of the writing of this order. Accordingly, I treat the motion as unopposed.

The motion is **GRANTED** to the extent that it seeks production of documents from Price. It is **ORDERED** that, on or before October 6, 2006, Price shall make available to counsel for the Defendants for inspection and copying all medical records in her possession, custody and control, including records she has obtained from her doctors and other treating professionals, that are responsive to request number 12. All objections other than privilege have been waived by failure to support those objections in response to the motion to compel.

To the extent that Price contends that any responsive documents are privileged, it is further **ORDERED** that, on or before October 6, 2006, Price shall serve on counsel for the defendants a privilege log describing each document, or portion thereof, withheld on the basis of privilege by date, author, recipients (including recipients of copies), specific privilege or protection claimed and describing the subject matter of each document in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)).

With respect to the request that I order doctors to produce documents, the motion is **DENIED.** Before nonparties can be compelled to produce documents, they must be served with a subpoena and be given an opportunity to respond to it.

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties